In the Matter of the Application of CARROLL G. WALTER, as Successor Administrator de Bonis Non of the Estate of LIBERTUS VAN BOKKELEN, Deceased, to Fix and Determine the Liability of NATIONAL SURETY CORPORATION and GLENS FALLS INDEMNITY COMPANY, as Sureties upon the Bond of D'ARCY VAN BOKKELEN, as Administrator de Bonis Non of the Estate of LIBERTUS VAN BOKKELEN, Deceased. (Appeal No. 1.)

In the Matter of the Judicial Settlement of the Account of Proceedings of D'ARCY VAN BOKKELEN, as Administrator de Bonis Non of the Estate of LIBERTUS VAN BOKKELEN, Deceased, and of the Application that the Compensation of the Attorney Be Fixed. (Appeal No. 2.)

In the Matter of the Judicial Settlement of the Account of Proceedings of D'ARCY VAN BOKKELEN, as Administrator de Bonis Non of the Estate of LIBERTUS VAN BOKKELEN, Deceased, and of the Application that the Compensation of the Attorney Be Fixed. (Appeal No. 3.)

GLENS FALLS INDEMNITY COMPANY, Appellant; CARROLL G. WALTER, as Successor Administrator de Bonis Non of the Estate of LIBERTUS VAN BOKKELEN, Deceased, Respondent.

(Consolidated Appeals.)

First Department, June 19, 1940.

*Sidney J. Loeb* of counsel [*Stephen F. Maher* with him on the brief; *Edward L. Johnson*, attorney], for the appellant.

*A. F. Schaeffner* of counsel [*J. Frederick Eagle* with him on the brief; *Patterson, Eagle, Greenough & Day*, attorneys], for the respondent.

COHN, J.   The former administrator *de bonis non*, D'Arcy Van Bokkelen, on November 16, 1936, commenced a proceeding for his own accounting.   While that proceeding was pending, National Surety Corporation petitioned to be released of liability as surety for Van Bokkelen under a $50,000 bond.   The administrator was directed to file a new bond in the sum of $5,000.   The new bond furnished pursuant to such direction by appellant, Glens Falls Indemnity Company, was approved on November 3, 1937.   On November 9, 1937, the surrogate ordered the release of the National Surety Corporation under its bond which had been in force since 1933.   The order releasing National Surety Corporation contained the following provision:

" Ordered, adjudged and decreed, that the National Surety Corporation is released and discharged from all subsequent responsibility for any act or default of the said D'Arcy Van Bokkelen subsequent to the 3rd day of November, 1937, on which day this court has approved the bond of D'Arcy Van Bokkelen heretofore filed in the sum of Five thousand ($5,000.00) Dollars with the Glens Falls Indemnity Company as surety."

At the time National Surety Company was released and when appellant's bond was filed, certain objections, previously made to Van Bokkelen's account, had been heard but not passed upon by the surrogate.   Thereafter, and on November 29, 1937, a decree was made settling the account.   This decree surcharged the administrator with the sum of $9,923.44 representing moneys wrongfully expended by him more than four years before, revoked the letters of administration and appointed respondent, Carroll G. Walter, as successor administrator *de bonis non*,

Van Bokkelen having thereafter failed to make the payment of $9,923.44 to the successor administrator, as the decree settling his account provided, respondent brought a proceeding under section 115-a of the Surrogate's Court Act to fix and determine the liability of National Surety Corporation and appellant, Glens Falls Indemnity Company, as sureties upon Van Bokkelen's bonds. The surrogate ruled that National Surety Corporation was not liable, but that appellant, Glens Falls Indemnity Company, was to bear the loss. The principal question involved is whether, in the circumstances of this case, appellant assumed liability for acts committed long prior to the filing and execution of its bond.

The condition of appellant's bond is as follows: " The condition of this obligation is such, that if the above bounden D'Arcy Van Bokkelen *shall hereafter faithfully* execute the trust reposed in him as administrator *de bonis non* of all and singular the goods, chattels and credits of Libertus Van Bokkelen, late of Buenos Aires, Argentine Republic, S. A., deceased, and obey all lawful decrees and orders of the Surrogate's Court of the County of New York touching the administration of the estate committed to D'Arcy Van Bokkelen then this obligation to be void, else to remain in full force and virtue." (Italics ours.)

Appellant's liability was predicated on the fact that after its bond became effective, Van Bokkelen failed to obey the lawful decree of the surrogate which directed him to pay the $9,923.44 to respondent. The administrator's failure to obey the decree, appellant contends, did not constitute a breach of the condition of its bond since it was neither intended by appellant nor did any one anticipate that appellant was to assume liability to the extent of $5,000 on account of the surcharge against its principal, based, as it was, upon payments indiscreetly made years prior to appellant's assumption of liability.

Respondent, on the other hand, asserts that the intent of the bond is to be determined by its language and that upon the authority of *Scofield* v. *Churchill* (72 N. Y. 565) it has been the settled law in this State that under the provisions of a bond employing wording similar to the one involved here, the surety is liable for a subsequent failure of his principal to obey a decree directing payment of money for a devastavit occurring before the bond had been executed.

The case at bar is clearly distinguishable from the *Scofield* case. There an application had been made to remove the executor who had been serving without bond. Though the estate was in a precarious condition, the statutes then in force did not authorize the surrogate to remove the executor in the first instance but merely

empowered the surrogate to require the executor to file a bond, which necessarily was to cover, as the Court of Appeals said, past and future losses. The filing of such a bond was the only condition upon which the executor could continue as such.

Here the circumstances essentially differ. Appellant's bond was not furnished to continue a delinquent fiduciary in office but merely to replace the bond of another surety. Each surety respectively assumed the obligations which arose under its bond during the period its own bond was in effect. When by order entered November 9, 1937, the surrogate exonerated National Surety Corporation from " subsequent responsibility," that applied to subsequent responsibility for any " act or default * * * subsequent to the 3rd day of November, 1937," and likewise limited appellant's liability to an act or default during the same period.

It is not contended that appellant is liable for the unfaithful execution of the administrator's trust before appellant's bond became effective, though such misconduct would result, as it ordinarily does, in a surcharge against the administrator. Yet a finding that the surety is liable for the administrator's failure to obey an order directing payment of the amount of such surcharge, is actually imposing responsibility upon it for the unfaithful execution of the administrator's trust committed before appellant's bond ever came into existence. The situation here is similar in effect to that which obtained in the case of *Coleman* v. *National Surety Corporation* (244 App. Div. 244) where this court held that the surety was not liable. (See, also, *Matter of Penna,* 250 App. Div. 719; *Matter of Grant,* 122 id. 602.)

We are not suggesting that there might not be a breach of the appellant's obligation if Van Bokkelen had failed to obey any decrees or orders of the surrogate touching the administration of the estate. Indeed, appellant could be held for a breach if the former administrator failed to obey the directions of the very decree which surcharged him the sum of $9,923.44, other than those based upon wrongful acts committed before the date when appellant's bond became effective. For example, that decree found that Van Bokkelen as administrator still had in his possession $90.38 and directed that he pay this sum to his successor, the respondent herein. If Van Bokkelen had disobeyed the decree by failing to pay the $90.38, the appellant would be liable as to that item.

In a case where an administrator wrongfully expended moneys, as Van Bokkelen did, and there was but one bond involved, it would be immaterial if liability were imposed upon the surety because its principal did not faithfully execute the trust reposed

in him or if liability were grounded on the principal's failure to obey a decree surcharging him for the wrongful expenditures. In either event the surety would be obligated to pay. However, where the court is dealing with successive sureties, as in the case at bar, the loss should fall solely upon the surety which undertook the obligation and not upon the surety which never assumed the particular risk.

Respondent has not appealed from the decree and the parties have stipulated to omit from the record certain exhibits relating to liability of National Surety Corporation, which, they say, is not involved upon this appeal.

The decrees and order appealed from should be reversed, in so far as they fix or affect appellant's liability on the bond, with costs, and the matter remitted to the Surrogate's Court for further action in accordance with this opinion.

GLENNON, UNTERMYER and DORE, JJ., concur; MARTIN, P. J., dissents.

Decrees and order reversed, in so far as they fix or affect appellant's liability on the bond, with costs, and the matter remitted to the Surrogate's Court for further action in accordance with opinion. Settle order on notice.